UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANISE ALEAH WATKINS,

                Plaintiff,

- against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**ORDER**

22 Civ. 3619 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff Shanise Watkins filed this action seeking review of a decision by the Commissioner of Social Security that she was not disabled or entitled to benefits under Title XVI of the Social Security Act. (Cmplt. (Dkt. No. 2)) On August 11, 2022, Defendant Commissioner of Social Security moved to dismiss the action as time-barred. (Dkt. No. 13) On November 22, 2022, Judge Netburn issued a Report and Recommendation ("R&R") granting Defendant's motion to dismiss. (R&R (Dkt. No. 23)) No party has objected to the R&R. For the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND[1]

### I.   FACTS

      On January 18, 2021, an administrative law judge ("ALJ") with the Social Security Administration ("SSA") issued a decision finding that Watkins was not disabled and

---

[1] The parties have not objected to Judge Netburn's recitation of the alleged facts. Accordingly, the Court adopts her account of the facts in full. See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section. . . .").

denying her claim for benefits. (Cowell Decl., Ex. 1 (Dkt. No. 15-1) at 12)[2] Watkins requested review of the decision by the Appeals Council at the SSA, and her appeal was denied on August 18, 2021. (Cowell Decl., Ex. 2 (Dkt. No. 15-2) at 1)

The Appeals Council decision informed Watkins that, if she disagreed with its determination, she had "60 days to file a civil action," and that "[t]he 60 days start the day after you receive this letter." (Id. at 2) In an October 25, 2021 letter, Watkins requested an extension of time to file a civil action. (Cowell Decl. (Dkt. No. 15) ¶ 3(b); Cowell Decl., Ex. 3 (Dkt. No. 15-3)). In her letter, Watkins explains that she "never received a letter in [her] mail box," and only learned of the Appeals Council decision through a call to the SSA. (Cowell Decl., Ex. 3 (Dkt. No. 15-3)) In a March 21, 2022 letter, the Appeals Council granted Watkins an extension of time in which to file a civil action; the extension ran "for 30 days from the date [Watkins] receive[s] this letter." (Cowell Decl., Ex. 4 (Dkt. No. 15-4)). The March 21, 2022 letter informed Watkins that the SSA would "assume that [she] received this letter 5 days after the date on it" unless Watkins showed that she did not receive the letter within the five-day period. (Id.) Accordingly, the deadline for Watkins to commence a civil action was April 25, 2022.

A complaint seeking review of the Commissioner's decision was filed on May 4, 2022. (Dkt. No. 2) In the Complaint, Watkins states that she received the Appeals Council's letter granting an extension of time on March 21, 2022. (Cmplt. (Dkt. No. 2) ¶ 8)

---

[2] The page numbers of documents referenced in this order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

2

## II. PROCEDURAL HISTORY

The Complaint was filed on May 4, 2022. (Dkt. No. 2) This Court referred the case to Magistrate Judge Netburn on May 12, 2022. (Dkt. No. 9)

On August 11, 2022, Defendant Commissioner of Social Security moved to dismiss or, in the alternative, for summary judgement. (Dkt. No. 13) Defendant argues, <u>inter alia</u>, that the Complaint should be dismissed as time-barred because it was not filed within the 60-day time limit imposed by 42 U.S.C. § 405(g). (Def. Br. (Dkt. No. 14) at 6)

In an August 15, 2022 order, Judge Netburn directed Watkins to file any opposition to Defendant's motion by September 14, 2022. (Dkt. No. 20) On September 22, 2022, Judge Netburn extended the deadline to September 30, 2022. (Dkt. No. 21) Watkins never filed an opposition to Defendant's motion. In an October 4, 2022 order, Judge Netburn stated that Defendant's motion would be deemed fully briefed. (Dkt. No. 22)

On November 22, 2022, Judge Netburn issued an R&R recommending that Defendant's motion to dismiss be granted, because Plaintiff's claim is time-barred. (Dkt. No. 23)

## DISCUSSION

### I. STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no objections are filed in response to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." <u>Austin v. Lynch</u>, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011)

(citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## II.      STATUTE OF LIMITATIONS

42 U.S.C. § 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." The Commissioner has further extended the deadline to file by regulation to "60 days after . . . notice of the decision by the Appeals Council is received by the individual." 20 C.F.R. § 422.210(c). As Judge Netburn notes, the effect of this regulation is that "'rather than commencing on the date notice of decision is mailed to the claimant, the sixty day period starts from the time notice is received by the claimant.'" (R&R (Dkt. No. 23) at 3 (emphasis in original) (quoting Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984)). Receipt of an Appeals Council decision is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

"Because the 60-day time limit defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed." Davila v.

Barnhart, 225 F. Supp. 2d 337, 338 (S.D.N.Y. 2002). Accordingly, as Judge Netburn notes, "'[f]ailure to file a complaint within the statutory limitation most often requires dismissal of the case.'" (R&R (Dkt. No. 23) at 4 (quoting Natale v. Comm'r of Soc. Sec., No. 1:17-CV-00908 (KHP), 2017 WL 3309734, at *2 (S.D.N.Y. Aug. 2, 2017)); see also Courtney v. Colvin, 13-cv-2884 (AJN), 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) ("[C]ourts in the Second Circuit have not hesitated to find that complaints that miss this deadline by a matter of days are untimely.").

The 60-day filing requirement is subject to equitable tolling where plaintiff makes a showing of "both extraordinary circumstances and due diligence." Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) For equitable tolling to apply, plaintiff must show that "'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "Plaintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling." Davila, 225 F. Supp. 2d at 339.

Judge Netburn concludes that Plaintiff's claim is time-barred because of her failure to file the Complaint by April 25, 2022. Her reasoning is as follows:

> There is a rebuttable presumption that Plaintiff received the Notice [of the Appeals Council's decision] by March 26, 2022, and therefore her complaint had to be filed by April 25, 2022 (under the 30-day extension).
>
> . . . .
>
> Plaintiff writes in her complaint that she received the letter from the Appeals Council on "March 21, 2022." Compl., ¶ 8. "March 21, 2022" is the date on the Appeals Council's letter and therefore it is possible that she received it on a later date. Plaintiff, however, has provided no information to establish a "reasonable showing" that it was received after the presumptive receipt date of March 26, 2022. 20 C.F.R. § 422.210(c). Additionally, Plaintiff has failed to respond to the Commissioner's motion despite multiple opportunities provided by the Court. See ECF Nos. 20,

5

> 21, & 22. Thus, on this record, the Court has no basis to find "extraordinary circumstances and due diligence" to equitably toll the filing deadline. Torres, 417 F.3d at 279.
>
> The Court recognizes that this result may be harsh, especially when considering Plaintiff's underlying disabilities. See Canales v. Sullivan, 936 F.2d 755, 759 (2d Cir. 1991) (recognizing that equitable tolling may be warranted where an SSI disability plaintiff fails to timely seek judicial review because of mental impairment). The filing deadline, however, is a condition of the waiver of sovereign immunity, and it must be strictly construed. See Bowen, 476 U.S. at 479. Although the Court may apply equitable tolling in certain circumstances, it may not develop its own factual record to do so. Having failed to respond to the Commissioner's motion, the Court must recommend that the case be dismissed as time-barred.

(R&R (Dkt. No. 23) at 4-5)

This Court finds no error in Judge Netburn's analysis. Accordingly, her recommendation will be adopted, and this case will be dismissed as time-barred.

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety, and the case is dismissed.

The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
      January 22, 2024

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge